IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
IN RE                          )
                               )
ETHEL L. McCALL and            )
GEORGE R. McCALL,              )
                               )
     Debtors.                  )
                               )
ETHEL L. McCALL and            )
GEORGE R. McCALL,              )
                               )
     Plaintiffs,               )
                               )    CIVIL ACTION NO.
     v.                        )     2:15cv833-MHT
                               )        (WO)
HOUSEHOLD FINANCE             )
CORPORATION OF ALABAMA and     )
HSBC MORTGAGE SERVICES,        )
INC.,                          )
                               )
     Defendants.               )
```

OPINION

In this adversary proceeding, plaintiffs Ethel L. and George R. McCall have objected to the proof of claim and the notice of post-petition mortgage fees, expenses, and charges filed by defendants Household Finance Corporation of Alabama and HSBC Mortgage Services, Inc., in the underlying bankruptcy proceeding

(Count I).  Plaintiffs have also alleged that defendants breached their contract with plaintiffs (II), made fraudulent misrepresentations (III), fraudulently suppressed material facts (IV), and violated Alabama's Deceptive Trade Practice Act, 1975 Code of Ala. § 8-19-5 (V).  Defendants have filed a motion to dismiss counts II through V of the adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b)(6), arguing that these claims are barred by res judicata due to a prior decision in the Circuit Court of Autauga County, Alabama.

This matter is now before the court on the recommendation of the United States Bankruptcy Judge that the motion be granted.  Plaintiffs have objected to this recommendation, but only on a single ground: they contend that the state court judgment dismissing that action as time-barred was not a resolution on the merits, as required for res judicata to apply. Plaintiffs have raised no other objections to the Bankruptcy Judge's recommendation.

2

In support of their objection, plaintiffs have cited a single case, Romar Development Co. v. Gulf View Management Corp., 644 So. 2d 462 (Ala. 1994), but this case reached no holding regarding the question at hand; it merely addressed whether compulsory counterclaims were subject to the statute of limitations. (Indeed, the language plaintiffs cite from Romar--that the "expiration of a statute of limitation does not resolve the underlying merits of the consequently barred claim in favor of either party; it merely cuts off the remedy of the party who has slept on his rights"--is not only dicta, it is dicta appearing in a lengthy quotation from an out-of-state case cited for its reasoning regarding the application of statutes of limitations to compulsory counterclaims.)

As noted in the recommendation, this court and other federal courts in Alabama have consistently held that a dismissal based on the statute of limitations by an Alabama court is a final judgment on the merits. See Cagle v. Rubley, 2014 WL 5339314, at *3 (M.D. Ala.

3

Oct. 20, 2014) (Coody, M.J.); Mykins v. Ala. Dep't of Human Res., 2012 WL 6213300, at *1 (S.D. Ala. Dec. 12, 2012) (Steele, J.); see also Ala. R. Civ. P. 41(b) ("Involuntary Dismissal: Effect Thereof. ... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits."). Plaintiffs' sole objection will therefore be overruled.

After an independent and de novo review of the record and of the portion of the bankruptcy judge's recommendation to which an objection has been raised, the court concludes that the recommendation should be adopted. See Messer v. Peykar Intern. Co., Inc., 510 B.R. 31, 38 (S.D.N.Y. 2014) (Sweet, J.) ("Pursuant to Bankruptcy Rule 9033(d), the district court 'shall [only] make a de novo review ... of any portion of the bankruptcy judge's findings of fact or conclusion[s] of

law to which specific written objection has been made in accordance with this rule.'" (alteration in original and emphasis omitted); cf. Thomas v. Arn, 474 U.S. 140, 148-153 (1985) (explaining that neither the text nor the history of the provision of the Federal Magistrates Act parallel to Bankruptcy Rule 9033(d), requiring de novo review of the portions of a recommendation to which specific objections have been made, "require[s] district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

An appropriate judgment will be entered.

DONE, this the 29th day of July, 2016.

                                       /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE